IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
(LEXINGTON DIVISION)

PHYLLIS MCKISSACK                                                                                          PLAINTIFF
4532 Graves Avenue
Lexington, Kentucky 40515

                                                                            Case No. _____

v.

                                                                            Judge_____

SANTANDER CONSUMER USA, INC.                                                              DEFENDANTS
d/b/a CHRYSLER CAPITAL
8585 North Stemmons Freeway
Dallas, Texas 75247

        SERVE:    CT Corporation System
                         306 W. Main Street, Suite 512
                         Frankfort, Kentucky 40601
                         (BY CERTIFIED MAIL)

AND

EQUIFAX INFORMATION SERVICES, LLC
1550 Peachtree Street, N.W.
Atlanta, Georgia 30309

        SERVE:    CSC-Lawyers Incorporating Service Co.
                         421 W. Main Street
                         Frankfort, Kentucky 40601
                         (BY CERTIFIED MAIL)

**VERIFIED COMPLAINT**

      Comes the Plaintiff, Phyllis McKissack, by counsel, and for her Verified Complaint against the Defendants, Santander Consumer USA, Inc. d/b/a Chrysler Capital ("Santander") and Equifax Information Services, LLC ("Equifax"), states as follows:

**I. PRELIMINARY STATEMENT**

      1.    This is an action for negligence, defamation and violation of the Fair Credit

Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq. and the Truth in Lending Act, 15 U.S.C. §1601 et seq. ("TILA"), arising out of Santander's false reporting to Equifax of an alleged delinquent debt belonging to Plaintiff, and Equifax's and Santander's failure to investigate Plaintiff's dispute and their failure to correct Santander's false reporting on Plaintiff's Equifax credit report.

## II. PARTIES

2. Plaintiff, Phyllis McKissack, is currently and was at all relevant times a citizen of the Commonwealth of Kentucky residing at 4532 Graves Lane, Lexington, Kentucky 40515.

3. Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

4. Plaintiff is an "obligor" as that term is defined in the TILA, 15 U.S.C. §1666.

5. Defendant, Santander, is a Texas corporation doing business in the Commonwealth of Kentucky with its principal place of business at 8585 North Stemmons Freeway, Dallas, Texas 75247.

6. Santander is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C. §1681s-2(b).

7. Santander is a "creditor" as that term is defined by the TILA, 15 U.S.C. §1602g.

8. Defendant, Equifax, is a corporation organized under the laws of the State of Georgia and doing business in the Commonwealth of Kentucky with its principal place of business located at 1550 Peachtree Street, N.W., Atlanta, Georgia 30309.

9. Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

10. Equifax is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

### III.  JURISDICTION

11. This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to the TILA 15 U.S.C. §1640(e); (3) pursuant to 28 U.S.C. §1331; and (4) because the transactions and occurrences giving rise to this action occurred in Fayette County, Kentucky as a result of the Defendants' doing business in Fayette County, Kentucky.

### IV.  FACTUAL BACKGROUND

12. In or around June 2013, Plaintiff opened an account with Santander in connection with the purchase of an automobile.

13. Later in 2013, Plaintiff fell behind on payments to Santander and Santander repossessed the automobile.  Upon information and belief, Santander and/or the automobile dealership subsequently resold the automobile leaving Plaintiff with a deficiency on the subject Santander finance account of approximately $6,323.00.

14. In October 2015, Plaintiff, who was in the process of attempting to secure mortgage financing, accessed her Equifax, Experian and Trans Union credit reports.  Plaintiff's Experian and Trans Union credit reports indicated a balance due on the Santander tradeline of $6,323.00.  Plaintiff's Equifax credit report, however, falsely reported a $30,667.00 balance

15. Immediately upon discovering the balance on her Equifax credit report Plaintiff filed a dispute with Equifax stating that Plaintiff did not own an account with Santander with a balance due of $30,667.00

16. Upon information and belief, Equifax, pursuant to the requirements stated in 15 U.S.C. §1681i(a)(2)(A), notified Santander of the dispute at or within five (5) days of Equifax's receiving notice of the dispute from Plaintiff.

17. In November 2015, Equifax verified the Santander tradeline reporting on Plaintiff's Equifax credit report.

18. Despite Plaintiff's lawful request for removal of the disputed item pursuant to the FCRA, Santander and Equifax failed to investigate Plaintiff's dispute and failed to remove the disputed item from Plaintiff's credit report. Upon information and belief, Santander and Equifax did not evaluate or consider any of Plaintiff's information, claims, or evidence, and did not make any and/or sufficient attempts to remove the disputed item within a reasonable time following Santander's and Equifax's receipt of Plaintiff's dispute.

19. The Defendants' actions have damaged Plaintiff in that Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit due to the Defendants' false reporting of Plaintiff's Santander account.

## V. CLAIMS

### Negligence – Santander

20. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 19 as if fully set forth herein.

21. Santander's false reporting to Equifax regarding the alleged balance on the Santander account was negligent under applicable law. In falsely reporting the alleged balance, Santander breached its duty to Plaintiff to investigate Plaintiff's dispute and to report accurate information regarding Plaintiff's credit history and acted with conscious disregard for Plaintiff's rights.

22. Santander's failure to investigate Plaintiff's dispute and its false reporting to Equifax regarding the account has caused and continues to cause damage to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages. Santander's failure to investigate Plaintiff's dispute and its false reporting regarding the account was willful and wanton, entitling Plaintiff to

punitive damages therefor.

### Negligence – Equifax

23. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 22 as if fully set forth herein.

24. Equifax's failure to investigate Plaintiff's dispute and to remove Santander's false report regarding Plaintiff's Santander account from Plaintiff's Equifax credit report, despite Plaintiff's lawful notice to Equifax of the falsity of the report, was negligent. In failing to investigate Plaintiff's dispute and falsely reporting the alleged account, Equifax breached its duty to Plaintiff to thoroughly investigate any and all credit reporting disputes and to maintain accurate credit histories for Plaintiff, and acted with conscious disregard for Plaintiff's rights.

25. Equifax's negligent failure to investigate Plaintiff's dispute and its failure to correctly report the Santander account on Plaintiff's Equifax credit report has caused, and continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

26. Equifax's failure to investigate Plaintiff's dispute and its failure to correctly report the Santander account on Plaintiff's Equifax credit report, despite Plaintiff's lawful notices to Equifax of the falsity of the report, was willful and wanton, entitling Plaintiff to punitive damages therefor.

### Defamation – Santander

27. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 26 as if fully set forth herein.

28. Santander, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, Equifax and other currently

unknown individuals and/or entities who have accessed Plaintiff's Equifax credit report, that Plaintiff has a past due account with Santander in the amount of $30,667.00. Santander's statements were false and were made with conscious disregard for the rights of the Plaintiff.

29. Santander's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged past due Santander account amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Defamation – Equifax

30. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 29 as if fully set forth herein.

31. Equifax, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, Santander and other currently unknown entities and/or individuals who have accessed Plaintiff's Equifax credit report, that Plaintiff has a past due account with Santander in the amount of $30,667.00. Equifax's statements were false and were made with conscious disregard for the rights of the Plaintiff.

32. Equifax's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged past due Santander account amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Negligent Violation of the Fair Credit Reporting Act – Santander

33. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 32 as if fully set forth herein.

34. Santander's failure to investigate Plaintiff's dispute and its initial and continuing false reporting to Equifax of Plaintiff's alleged past due Santander account is a violation of

Santander's duties as a furnisher of credit information pursuant to the FCRA, 15 U.S.C. §1681s-2(b).

35. Santander's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o for which Santander is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorneys' fees.

### Negligent Violation of the Fair Credit Reporting Act – Equifax

36. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 35 as if fully set forth herein.

37. Equifax's failure to investigate Plaintiff's dispute and its failure to correctly report the Santander account on Plaintiff's Equifax credit report is a violation of Equifax's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

38. Equifax's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to correct its reporting within a reasonable time following Equifax's receipt of Plaintiff's dispute is a violation of Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i. Equifax's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act – Santander

39. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 38 as if fully set forth herein.

40. Santander's failure to investigate Plaintiff's dispute and its initial and continuing

false reporting to Equifax of Plaintiff's alleged past due Santander account, despite Santander's knowledge of the falsity of its reporting, is a willful violation of Santander's duties as a furnisher of credit information pursuant to the FCRA, as stated in 15 U.S.C. §1681s-2(b).

41. Given Santander's knowledge of the falsity of its reporting, Santander's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Santander is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages, and for Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act – Equifax

42. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 41 as if fully set forth herein.

43. Equifax's failure to investigate Plaintiff's dispute and its failure to correct its reporting despite Equifax's knowledge of the falsity of the disputed item is a willful violation of Equifax's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

44. Equifax's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to correct its reporting within a reasonable time following Equifax's receipt of Plaintiff's dispute is a willful violation of Equifax's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

45. Equifax's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

### Violation of the Truth in Lending Act – Santander

46. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1

through 45 as if fully set forth herein.

47. Santander's initial and continuing false reporting to Equifax of Plaintiff's alleged Santander account balance is a violation of Santander's duties as a creditor pursuant to the TILA, 15 U.S.C. §1666a.

48. Santander's violations of the TILA entitle Plaintiff to statutory damages, actual damages and attorneys' fees pursuant to 15 U.S.C. §1640.

WHEREFORE, Plaintiff, Phyllis McKissack, respectfully demands the following:

1. Trial by jury on all issues so triable;

2. Judgment against the Defendants for statutory, compensatory, consequential and punitive damages;

3. For attorneys' fees and costs; and,

4. Any and all other relief to which Plaintiff may appear to be entitled.

Respectfully submitted,

*/s/David W. Hemminger*
David W. Hemminger
LYNCH, COX, GILMAN & GOODMAN P.S.C.
500 West Jefferson Street, Suite 2100
Louisville, KY  40202
Phone, (502) 589-4215
dhemminger@lynchcox.com
*Counsel for Plaintiff*

## **VERIFICATION**

I, Phyllis McKissack, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

                                                                                                                                      Phyllis McKissack

COMMONWEALTH OF KENTUCKY    )
                                          ) SS
COUNTY OF FAYETTE                 )

Subscribed, sworn to and acknowledged before me by Phyllis McKissack this ___ day of _____, 2015.

                                                                Notary Public

                                                                Commission expires:_____